UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. DAVIS,<br><br>    Petitioner,<br><br>    v.<br><br>M. ELIOT SPEARMAN,[1]<br><br>    Respondent. | No. 2:16-cv-0733-JAM-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding without counsel this petition for writ of habeas corpus under 28 U.S.C. § 2254. Respondent moves to dismiss the action as time-barred and partially unexhausted. ECF No. 15. For the following reasons, the petition, with appropriate equitable tolling, must be considered timely but nonetheless should be dismissed with leave to amend for failure to exhaust all claims in the state courts.

**I.    Background**

Petitioner pleaded no contest to corporal injury to a child, corporal injury to a cohabitant, dissuading a witness, and assault with a deadly weapon (plus sentencing enhancements) in the

---

[1] The respondent in this action was initially named as Clark Ducart, warden of Pelican Bay State Prison. Petitioner has since been transferred to High Desert State Prison, where M. Eliot Spearman is warden. The court hereby substitutes Mr. Spearman as respondent in this action, as he is the current custodian of petitioner. Rule 2(a), Rules Governing Section 2254 Cases.

1

criminal case underlying this petition. ECF No. 16, Resp't's Notice of Lodging Documents in Paper, Lodged Document (hereinafter "Lodg. Doc.") No. 1 at 3. The California Court of Appeal stated the underlying facts as follows:

> Defendant David Marshall Davis and his stepson, 16 year-old D.W., were cleaning out a room in the family home when D.W. fell asleep. Defendant threw a plastic object at D.W., striking his right eye. Defendant also punched him in the ribs about 10 times. As a result, D.W. had a horizontal line across his field of vision which did not heal.
>
> Later that week, defendant assaulted his cohabitant, D.W.'s mother Page G. He pushed her against the kitchen wall, hit her in the face with a closed fist, and threw her to the ground. Page G. was three months pregnant with defendant's child. While she was on the ground, defendant stomped on her stomach with his food and yelled that he hoped she would miscarry. He also threatened to kill Page G. if she got law enforcement involved. D.W. distracted defendant by letting the dogs in, and then fled with his mother.
> In a search incident to defendant's arrest, officers found a marijuana growing facility in one of the rooms.
>
> \*\*\*
>
> While in jail, defendant called Page G. and instructed her to have D.W. testify that he made up the whole story because he was angry with defendant.
>
> \*\*\*
>
> A few days after being released from jail, defendant confronted D.W. and accused him of stealing some marijuana. D.W. denied stealing marijuana but admitted selling some while defendant was in jail. Defendant and Page G. told D.W. to leave the home; D.W. went to his girlfriend's residence. Defendant and Page G drove D.W. home the following day. After Page G. and their other children left, defendant confronted D.W. in the room where the marijuana was grown. Defendant, armed with an aluminum baseball bat, told D.W. he would knock his head off if he said anything stupid. When D.W. continued to deny stealing the marijuana, defendant struck him in the shin with the bat. Defendant left the residence when Page G. and the children returned.

*Id.* at 1-3. Petitioner was sentenced to sixteen years.

## II.     The Motion to Dismiss

### A. <u>Statute of Limitations</u>

Respondent argues that the petition is untimely. Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), a one-year limitations period for seeking federal habeas relief begins to run from the latest of: (1) the date the judgment became final on direct review or the expiration of the time for seeking such review (or April 25, 1996, if the judgment became final prior to AEDPA's enactment), (2) the date on which a state-created impediment to filing is removed, (3) the date the United States Supreme Court makes a new rule retroactively applicable

to cases on collateral review, or (4) the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D); *Malcom v. Payne*, 281 F.3d 951, 955 (9th Cir. 2002).

### 1. **Statutory Tolling**

No statute tolls the limitations period "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed . . .." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). However, if a petitioner properly files a state post-conviction application prior to the expiration of the limitations period, the period is tolled and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). In California, a properly filed post-conviction application is "pending" during the intervals between a lower court decision and the filing of a new petition in a higher court if the second petition was filed within a "reasonable time" after the denial of the first. *Carey v. Saffold*, 536 U.S. 214, 221 (2002); *Stancle v. Clay*, 692 F.3d 948, 956 (9th Cir. 2012); *see also Velasquez v. Kirkland*, 639 F.3d 964, 968 (9th Cir. 2011) (finding that delays of ninety-one days and eighty-one days are "far longer than the Supreme Court's thirty-to-sixty-day benchmark for California's 'reasonable time' requirement," and are, without adequate explanation, unreasonable under California law).

A federal habeas application does not provide a basis for statutory tolling, *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), nor does a state petition filed after the federal limitations period has expired, *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

A petitioner may be entitled to statutory tolling for the time that additional rounds of state habeas petitions are pending (provided they were filed prior to the expiration of the limitations period), although the time between rounds is not tolled. *Cross v. Sisto*, 676 F.3d 1172, 1178-79 (9th Cir. 2012); *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010). For tolling to be applied based on a subsequent round, that subsequent set of petitions cannot be untimely or improperly successive. *Porter*, 620 F.3d at 958.

/////

3

### 2. Equitable Tolling

The limitations period may also be equitably tolled where a habeas petitioner establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631 (2010). Petitioner has the burden of showing facts entitling him to equitable tolling. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). The threshold necessary to trigger equitable tolling is very high, "lest the exceptions swallow the rule." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Equitable tolling may be applied only where a petitioner shows that some external force caused the untimeliness. *Id*.

### a. The Equitable Exception for Innocence

In addition, the statute of limitations is subject to an actual innocence exception.[2] A petitioner may have her untimely filed case heard on the merits if she can persuade the district court that it is more likely than not that no reasonable juror would have convicted her. *McQuiggin v. Perkins*, __ U.S. __ , 133 S. Ct. 1924, 1928, 1933 (2013); *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc). "Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." *McQuiggin*, 133 S. Ct. at 1935. For example, the "court may consider how the timing of the submission and the likely credibility of a petitioner's affiants bear on the probable reliability" of his evidence of innocence. *Id*.

### b. Analysis

Petitioner's appeal of his conviction was denied by the California Court of Appeal on September 9, 2013. Lodg. Doc. No. 1. Petitioner did not seek further direct review, but filed three state habeas petitions. The first was filed in the Sutter County Superior Court on June 1, 2014 and denied July 9, 2014. Lodg. Doc. Nos. 3, 4. The second was filed in the California

---

[2] This exception is also known variably as the "miscarriage of justice" exception and the "*Schlup* gateway," after *Schlup v. Delo*, 513 U.S. 298 (1995), in which the U.S. Supreme Court held that a habeas petitioner whose claims were procedurally barred could nevertheless obtain a determination on the merits of his petition if he made the requisite showing of actual innocence.

4

Court of Appeal on September 16, 2014 and denied on September 25, 2014. Lodg. Doc. Nos. 5, 6. The last was filed in the California Supreme Court on October 17, 2014 and denied on April 29, 2015. Lodg. Doc. Nos. 8, 9. This petition was filed on March 31, 2016. ECF No. 1.

Respondent correctly notes that petitioner had 40 days from the date the Court of Appeals denied his direct appeal (September 9, 2013) to seek review in the California Supreme Court and that his conviction became final on the expiration of that 40 days. *See* Cal. R. Ct. 8.366(b)(1) ("[A] Court of Appeal decision in a [criminal case], including an order dismissing an appeal involuntarily, is final in that court 30 days after filing."); Cal. R. Ct. 8.500(e)(1) ("A petition for review must be served and filed within 10 days after the Court of Appeal decision is final in that court."). Thus, the limitations period began October 20, 2013 – the day after the deadline for seeking direct review from the California Supreme Court expired. It ran until petitioner filed his first state habeas petition on June 1, 2014, for a total of 224 days.

The limitations period was then tolled for the pendency of petitioner's state petitions. While respondent argues that the period should not be tolled between the ruling on his Superior Court petition on July 9, 2014 and the filing of his Court of Appeals petition on September 16, 2014 because that 69 day period is unreasonable, the weight of authority in this circuit finds such delays—which are so near the presumptively-reasonable window of 60 days—to be reasonable where, as here, the petitioner has revised the petition during the break. *Compare* Lodg. Doc. No. 3 *with* Lodg. Doc. No. 5; *Lucas v. Holt*, No. 2:14-cv-2357-WBS-EFB P, 2015 U.S. Dist. LEXIS 113415, at *10-12 (E.D. Cal. Aug. 26, 2015) (collecting cases). Accordingly, the limitations period began again on April 30, 2015, the day after the California Supreme Court denied the final petition.

Absent further tolling, the limitations period would expire 141 days later (added to the already-elapsed 224 days for a total of 365) – on September 18, 2015. Petitioner argues that two reasons justify equitable tolling of the limitations period, however. First, petitioner claims that he was "heavily sedated on psychotropic medications" between January 2015 and July 2015. ECF No. 21 at 2. The U.S. Court of Appeals for the Ninth Circuit has held that a "putative habeas petitioner's mental incompetency is a condition that is, obviously, an extraordinary circumstance

5

1  beyond the prisoner's control" that justifies equitable tolling.  *Laws v. Lamarque*, 351 F.3d 919,
2  923 (9th Cir. 2003).  But petitioner here has not shown that his mental illness, or the treatment he
3  received for it, was such that it rendered him unable to file this petition.  In fact, petitioner's
4  evidence consists solely of a page entitled "Interdisciplinary Progress Notes- General Psychiatry"
5  dated October 8, 2014 on which a psychiatrist noted: "Reports meds help and doing ok . . . .
6  Depression better . . . .  Eats and sleeps well, meds help; energy normal, jogs . . . ."  ECF No. 21
7  at 9.  The psychiatrist wrote that petitioner was "stable" and had "no acute issues."  *Id.*  Thus, the
8  court lacks a basis on which to find that petitioner's mental illness or medication rendered him
9  unable to file his federal petition and tolling for that reason is inappropriate.

10       Second, according to petitioner and two items of evidence he has produced, his legal
11  materials were among property that was lost during his transfer to Pelican Bay State Prison on
12  July 30, 2015.  ECF No. 21 at 2, 10, 11.  While petitioner got some of his property back in
13  November 2015, the legal materials were not returned, having been thrown in the trash.  *Id.*  The
14  deprivation of legal materials by prison officials constitutes an extraordinary circumstance that
15  justifies equitable tolling.  *Espinoza-Matthews v. California*, 432 F.3d 1021, 1027 (9th Cir. 2005).
16  While respondent argues that petitioner has not shown how being deprived of his "transcripts"
17  made him unable to file his petition, petitioner has shown that not only was he deprived of
18  transcripts, but that the entirety of his legal materials was thrown out when he was transferred.
19  Respondent also argues that petitioner was able to make his state filings without these materials
20  (ECF No. 26 at 4) but the facts shown by petitioner are that the materials were thrown out on July
21  30, 2015, after all his state cases had ended.  Thus, petitioner has shown that he was denied his
22  legal property from July 30, 2015 onward and that this deprivation constitutes an extraordinary
23  circumstance.  In addition, petitioner has shown that he was pursuing his rights diligently, as his
24  evidence shows that he tried to obtain his legal materials through at least two administrative
25  appeals following his transfer.  These factors justify the tolling of the limitations period from that
26  date until the filing of this petition on March 31, 2016.

27       On July 30, 2015 (the date of petitioner's transfer and the loss of his legal materials), 92
28  additional days of the limitations period had elapsed (following the denial of his California

Supreme Court petition). Adding that number to the 224 days that passed between the finality of the conviction and the filing of petitioner's state habeas petitions yields 316 days. Because, when statutory and equitable tolling principles are applied, less than 365 days elapsed between the finality of the conviction and the filing of this action, respondent's motion to dismiss the petition as untimely should be denied.[3]

### B. Exhaustion

#### 1. Governing Law

A district court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1). A state will not be deemed to have waived the exhaustion requirement unless the state, through counsel, expressly waives the requirement. 28 U.S.C. § 2254(b)(3).

Exhaustion of state remedies requires that petitioners fairly present federal claims to the highest state court, either on direct appeal or through state collateral proceedings, in order to give the highest state court "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations omitted). "[A] state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), amended by 247 F.3d 904 (9th Cir. 2000). "[T]he petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is self-evident . . . ." *Id.* (citations omitted); *see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) ("[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief."); *Duncan*, 513 U.S. at 365-66 (to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.").

---

[3] Petitioner also argues that he is entitled to the application of the actual innocence exception to the limitations period. Because the undersigned finds that the petition is timely, this argument need not be addressed here. The undersigned notes, however, that petitioner has made no showing supporting his assertion that newly discovered evidence establishes his innocence.

In addition to identifying the federal basis of his claims in the state court, the petitioner must also fairly present the factual basis of the claim in order to exhaust it. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Robinson v. Schriro*, 595 F.3d 1086, 1101 (9th Cir. 2010). "[T]he petitioner must . . . provide the state court with the operative facts, that is, 'all of the facts necessary to give application to the constitutional principle upon which [the petitioner] relies.'" *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (quoting *Daugharty v. Gladden*, 257 F.2d 750, 758 (9th Cir. 1958)). Where a claim included in a federal petition has not been exhausted, the petition must be dismissed with leave to amend and without prejudice to the filing of a fully-exhausted petition unless the petitioner has requested a stay. *Rhines v. Weber*, 544 U.S. 269 (2005). Petitioner has not requested a stay in this action.

### 2. **Analysis**

The petition presents four claims: (1) false testimony was presented against him at trial by witness DeAnthony Ward; (2) petitioner's plea was not knowing and voluntary because he was not advised of his constitutional rights or the potential consequences of the plea; (3) the prosecutor withheld exculpatory evidence from the defense; and (4) trial counsel rendered ineffective assistance by representing that petitioner would get probation if he pleaded no contest and failing to investigate petitioner's mental disability. ECF No. 1. Respondent argues that the third claim was not presented to the California Supreme Court. Petitioner does not dispute that he did not present the claim to that court, and review of his petition there accords with respondent's position that the claim was not presented. Lodg. Doc. No. 7. Because petitioner has not presented his third claim to the California Supreme Court and has made no request to stay this action while he does so, respondent's motion to dismiss the petition as partially unexhausted should be granted without prejudice and with leave to amend to give petitioner the opportunity to file an amended petition that contains only exhausted claims or to seek a stay under *Rhines*, 544 U.S. at 277.[4]

---

[4] Pursuant to *Rhines*, a district court stays a 'mixed' petition – that is one containing both exhausted and unexhausted claims – while the petitioner exhausts his unexhausted claim in state court. 544 U.S. at 277.

8

### III. Conclusion and Recommendation

For the reasons presented above, respondent's motion to dismiss the petition on timeliness grounds should be denied. However, petitioner has not presented all of the claims contained in the instant petition to the California Supreme Court, and it is therefore RECOMMENDED that:

1. Respondent's June 10, 2016 motion to dismiss (ECF No. 15) be granted on exhaustion grounds and that the petition be dismissed without prejudice and with leave to amend.

2. Petitioner be granted leave within thirty (30) days of the date of any order adopting this recommendation to either (a) file an amended petition containing only the three claims that he has exhausted or (b) file a motion to stay pursuant to *Rhines*, 544 U.S. at 277.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 15, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE